65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bobby GONZALES, Petitioner-Appellant,
v.
Robert J. TANSY, Respondent-Appellee.
 No. 94-2203.
(D.C.No. CIV-91-1246-JB)
 United States Court of Appeals, Tenth Circuit.
 Aug. 29, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRISCOE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Bobby Gonzales applies to this court for a certificate of probable cause, and appeals the district court's order dismissing with prejudice his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. We grant the certificate of probable cause, and we exercise jurisdiction under 28 U.S.C. 2253.
 
 
 3
 The basic facts of this case are uncontroverted. On October 2, 1985, Gonzales entered his former in-laws' home, armed and threatening to kill his ex-wife or anyone else who attempted to get help. He shot and killed his former mother-in-law when she entered the home through a back door into the kitchen and tried to use the telephone. Gonzales' children and his former father-in-law were also in the home. Gonzales was arrested several hours later when he was found hiding in a truck across the street from the home.
 
 
 4
 Gonzales was charged with first degree murder and the state sought the death penalty. Pursuant to a plea agreement, Gonzales pled guilty to second degree murder and aggravated burglary with a firearm enhancement. He also admitted that he was an habitual offender with one prior felony conviction. Gonzales was sentenced to twenty-one years' imprisonment with parole eligibility after serving half of his sentence.
 
 
 5
 In his federal habeas corpus petition, Gonzales contended he received ineffective assistance of counsel which rendered his guilty plea involuntary. The magistrate judge determined that Gonzales had exhausted his state remedies, that an evidentiary hearing was not needed, and that the record did not support his claim of ineffective assistance of counsel. The district court adopted the magistrate judge's findings and recommended disposition. On appeal, Gonzales contends the district court erred in failing to hold an evidentiary hearing on his habeas corpus claims.
 
 
 6
 To succeed on an ineffective assistance of counsel claim, Gonzales must show that his counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-96 (1984); accord Tapia v. Tansy, 926 F.2d 1554, 1564 (10th Cir.), cert. denied, 502 U.S. 835, 112 S.Ct. 115 (1991).
 
 
 7
 The Strickland test also applies to guilty plea challenges based on claims of ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). When a defendant enters a guilty plea upon advice of counsel, the voluntariness of the plea depends on whether the advice given " 'was within the range of competence demanded of attorneys in criminal cases.' " Id. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). The second prong of the Strickland test is satisfied if the defendant can show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59.
 
 
 8
 We review these questions of mixed law and fact de novo. United States v. Owens, 882 F.2d 1493, 1501-02 n. 16 (10th Cir.1989). We will not disturb the district court's underlying factual findings unless they are clearly erroneous. United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995).
 
 
 9
 In deciding whether an evidentiary hearing is warranted in a case involving an ineffectiveness of counsel claim, the defendant initially bears the burden of "alleg[ing] facts which, if proved, would entitle him to relief." Townsend v. Sain, 372 U.S. 293, 312 (1963), overruled in part by Keeney v. Tamayo-Reyes, 504 U.S. 1, 5, 112 S.Ct. 1715, 1717 (1992). The defendant's "allegations must be specific and particularized; '[c]onclusory allegations will not suffice to warrant a hearing.' " Hatch v. Oklahoma, 58 F.3d 1447, 1457 (10th Cir.1995)(quoting Andrews v. Shulsen, 802 F.2d 1256, 1266 (10th Cir.1986), cert. denied, 485 U.S. 919 (1988)). If the defendant meets this burden, an evidentiary hearing is required if the defendant did not receive a full and fair hearing in state court. Townsend, 372 U.S. at 312-13; Brecheen v. Reynolds, 41 F.3d 1343, 1362-63 (10th Cir.1994), cert. denied, 115 S.Ct. 2564 (1995). Here, Gonzales did not receive a state court hearing on his claim of ineffective assistance of counsel. Therefore, he need meet only the first prong of the standard and allege facts that if proven would entitle him to habeas corpus relief.
 
 
 10
 Gonzales argues that an adequate investigation would have revealed "strong evidence" that the bullet shot from his gun ricocheted before striking the victim. He contends this evidence would have strengthened his defense that he was so intoxicated that he was unable to form the necessary intent to commit the murder.[2] Gonzales points to the autopsy report as support for his ricochet theory. He argues that the irregular entrance wound on the victim, the very deformed bullet recovered from the victim's head, the small residual of yellow coating on the bullet when considered with the fact that his bullets did not have a yellow coating, and the absence of metal jacket fragments all indicate the bullet ricocheted before striking the victim. He also offers his mother's affidavit, sworn to over five years after the murder, in which she states she was in the victim's home three days after the shooting and her grandson, who witnessed the shooting, told her the police had removed a bullet from the kitchen wall and covered up the hole. She also states in her affidavit that the kitchen wall was painted yellow. R. vol. I, tab 1.
 
 
 11
 Gonzales offers no motive for this alleged cover-up, or any explanation as to why his mother would wait so long to come forward with this information. He contends if this evidence had been discovered by his counsel, it would have strengthened his intoxication defense and he would not have entered a guilty plea.
 
 
 12
 "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. Where a defendant alleges that counsel erred by failing to investigate,
 
 
 13
 the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.
 
 
 14
 Hill, 474 U.S. at 59. Given the belated affidavit of Gonzales' mother, we must also note that an ineffective assistance of counsel claim must be reviewed from the perspective of counsel at the time and cannot be reviewed with the advantage of hindsight. Brecheen, 41 F.3d at 1365.
 
 
 15
 Gonzales does not allege that his counsel failed to inform him of the possibility of an intoxication defense. To the contrary, it appears that by his own admission the existence of the potential intoxication defense may have been a factor in bringing about successful plea negotiations. See Appellant's Br. at 10-11.
 
 
 16
 We must ascertain whether under any circumstances evidence of a ricochet could constitute proof that Gonzales was so intoxicated at the time of the shooting that he was unable to form the necessary intent to commit first degree murder. We conclude it could not. The success of Gonzales' intoxication defense is a theoretical possibility at best. Even if counsel's investigation had uncovered the alleged ricochet evidence, there is no indication that this evidence, without more, would have caused counsel to advise Gonzales not to enter a plea of guilty to the lesser charges, or that Gonzales would have insisted upon going to trial on the first degree murder charge. We are also unable to conclude that had Gonzales gone to trial, given the undisputed facts of this case, he would have been acquitted or convicted of lesser crimes than those to which he pled.
 
 
 17
 "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Here, Gonzales has failed to refute this presumption. He has not shown that he suffered any prejudice by the alleged failure to investigate the ricochet theory or by counsel's plea advice. He has failed to allege facts that if proved would entitle him to habeas corpus relief. See Townsend, 372 U.S. at 312. The district court did not err in refusing to hold an evidentiary hearing.
 
 
 18
 In an undeveloped argument, Gonzales appears to contend the district court erred in denying his petition without ordering that the state court record be produced. The magistrate judge determined that, "after a review of the proceedings below and the record," the matter would be decided on the record. R. vol. I, tab 22 at 2. The magistrate judge afforded the parties an opportunity to supplement the record, which neither chose to do. Id. Gonzales points to no information not available to the magistrate judge and contained in the state court record which would have had bearing on this decision.
 
 
 19
 We GRANT Gonzales' request for a certificate of probable cause, and we AFFIRM the judgment of the district court denying Gonzales' petition for a writ of habeas corpus.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Under New Mexico law, the specific intent to kill is an essential element of first degree murder. N.M. Stat. Ann. 30-2-1 A(1). Intoxication to such an extent as would render the defendant unable to form the necessary intent is a valid defense to first degree murder. State v. Privett, 717 P.2d 55, 56 (N.M.1986)